Merrimack
No. 79-066

DONALD R. HARRINGTON

v.

STATE OF NEW HAMPSHIRE

DEPARTMENT OF EMPLOYMENT SECURITY

June 27, 1979

*Donald R. Harrington,* of Hooksett, by brief and orally, pro se.

*Edward F. Smith* and *Robert L. Hermann, Jr.,* of Concord (*Mr. Hermann* orally), for the defendants.

### MEMORANDUM OPINION

Plaintiff was denied unemployment compensation because his retirement income exceeded his weekly benefits thus leaving no benefits payable under RSA 282:2 E (Supp. 1977). Plaintiff appealed to the superior court in accordance with RSA 282:5 G, claiming that the provision providing for a reduction of benefits by the amount of retirement income, although stated in the statute as effective on July 1, 1977, was in fact not effective until January 1, 1978, or possibly until September 30, 1979. His claim was based upon the congressional act authorizing such reduction. 26 U.S.C. § 3304 (a) (15), *as amended* (Supp. I 1977). The case was referred to a Master (*Robert A. Carignan,* Esq.). While the case was pending, the legislature amended RSA 282:2 E to comply with the federal statute and the court remanded the matter to the department of employment security, which awarded plaintiff reimbursement in the amount of $3,536 in accordance with the amended statute. RSA 282:2 E, *as amended,* Laws 1978, 50:1.

Plaintiff then sought further compensation in the superior court for attorney fees and inconvenience. After a hearing the master found an absence of bad faith, vexatious, wanton, or oppressive action by the

defendant, and the court denied the claim. Plaintiff's exceptions were transferred by *Batchelder*, J.

The plaintiff presented his case ably and competently. However, the master's findings are supported by the record. It was not unreasonable for the defendants to rely upon and follow the State statute until it was amended. The conditions of *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), were not met.

*Exceptions overruled.*